# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION


JEFFREY W. CAMPBELL and
ROBIN CAMPBELL,

        Plaintiffs,

v.                                 CIVIL ACTION NO.  3:17-4278

SELECT PORTFOLIO SERVICING INC.,

        Defendant.


## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Plaintiff's Motion to Remand (ECF No. 6). For the reasons set forth herein, Plaintiff's motion is **DENIED**.

Defendant removed the present action to this Court on November 2, 2017 (ECF No. 1). Defendant claimed in its Notice of Removal that this Court has original jurisdiction in this case based both on federal question jurisdiction and diversity jurisdiction (ECF No. 1). Plaintiff now asks the Court to remand his case because Defendant has allegedly failed to show by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement for diversity jurisdiction (ECF No. 6). Defendant disputes this allegation, asserting that it has adequately proven that the amount in controversy satisfies the jurisdictional requirement, and additionally argues that the Court has original jurisdiction over this case on the grounds of federal question jurisdiction (ECF No. 9).

A civil action brought in state court over which federal courts have original jurisdiction may be removed to federal court by a named defendant in the action. 28 U.S.C. § 1441(a) (2017).

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2017). A case "arises under" federal law "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013).

In his Complaint, Plaintiff alleges the following: "The Defendant filed erroneous credit reports at the time period of servicing this loan that were in the violation of both state and *federal* fair debt collection reporting act and adverse action notices requirement under [Equal Credit Opportunity Act ("ECOA")] and [Fair Credit Reporting Act ("FCRA")]" (ECF No. 1-1) (emphasis added). The ECOA, codified at 15 U.S.C. § 1691, was enacted by Congress in 1974. Likewise, the FCRA, codified at 15 U.S.C. § 1681, was enacted by Congress in 1970. As such, all claims deriving from these statutes are inherently federal. Because Plaintiff's claims relating to violations of the ECOA and the FCRA are inherently federal, then, the Court **FINDS** that it has original jurisdiction over these claims on the basis of federal question jurisdiction.

This finding does not cover all claims presented in the current case, however. Plaintiff also alleges violations of state law in his Complaint (ECF No. 1-1). While these claims do not fall within the scope of federal question jurisdiction, the Court may still properly find that it has supplemental jurisdiction over them. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . ." 28 U.S.C. § 1365 (2017). In his Complaint, Plaintiff alleges that Defendant erroneously filed credit reports and that this action constituted breaches of both state and federal law (ECF No. 1-1). It is apparent to the Court, from the face of Plaintiff's Complaint, that Plaintiff's state and federal claims are part of the same case or controversy. As such, the Court

**FINDS** that it may properly retain jurisdiction over all remaining claims on the basis of supplemental jurisdiction.

Because the Court **FINDS** that jurisdiction is proper on the grounds of federal question and supplemental jurisdiction, the Court does not reach the issue of diversity jurisdiction at this time.

For the reasons given above, Plaintiff's Motion to Remand (ECF No. 6) is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     December 1, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE