IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JEFFREY W. CAMPBELL and
ROBIN CAMPBELL,

        Plaintiffs,

v.            CIVIL ACTION NO. 3:17-4278

SELECT PORTFOLIO SERVICING INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Select Portfolio Servicing, Inc.'s Motion for Summary Judgment. ECF No. 23. For the foregoing reasons, the Court **GRANTS** summary judgment in favor of the defendant.

**I. BACKGROUND**

The present action stems from a loan issued to Plaintiffs on November 6, 2006 and serviced by Defendant starting on March 1, 2009. *Note*, ECF No. 26-1; *2009 Letter*, ECF No. 26-3. As part of the loan, Defendant made property tax payments on the land which secured the loan. *Dec. 9, 2010 Letter*, ECF No. 28-9. Due to an error in the billing by Putnam County, taxes were paid on the wrong parcel of land, but the back taxes were paid, and the money from Plaintiffs' escrow account used to pay the incorrect taxes was refunded. *J. Campbell Depo.*, 156–57, ECF No. 28-4; *Tax Receipt I*, ECF No. 24-1; *Tax Receipt II*, ECF No. 24-2; *Jan. 27, 2017 Letter*, ECF No. 24-4.

However, Plaintiffs failed to make timely payments on their loan and Defendants appointed a trustee to foreclose on property. *Payment History*, ECF No. 24-5; *Appointment*, ECF No. 24-5;

*Notice of Sale*, ECF No. 24-6. Plaintiffs subsequently filed this action, alleging the appointment of a trustee was a breach of contract and that there were reports filed in violation of the Fair Credit Reporting Act ("FRCA").[1] Defendant moved for summary judgment on November 13. 2018.

## II. LEGAL STANDARD

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

---

[1] In the Complaint, Plaintiffs allude to an action for quiet title. *Compl.*, ¶ 3. However, Plaintiffs have not supported this claim with any facts and both parties address the instant motion as one for summary judgment on all claims. This appears to be an implicit acquiescence as to the scope of the claims before the Court. As such the Court reads the Complaint as alleging only these two claims.

## III. DISCUSSION

In its motion, Defendant characterizes the claims to be ruled on as a breach of contract claim ("Count 1") and violations of the FCRA ("Count 2"). *Mot. Summ. J.*, at 1. The Court addresses each in turn.

*A. Count I – Breach of Contract*

In their response, Plaintiffs concede their breach of contract claim is insufficient as a matter of law. *Resp. Memo.*, ¶ 1. As such, the Court grants summary judgment for the defendant as to Count I.

*B. Count II – Violations of the Fair Credit Reporting Act*

Under the Fair Credit Reporting Act, civil liability is created under 15 U.S.C. §§ 1681n(a) and 1681*o*(a).[2] The FCRA explicitly bars private suits for violations of § 1681s–2(a), but consumers can still bring private suits for violations of § 1681s–2(b). 15 U.S.C. § 1681s–2(c) ("[S]ections 1681n and 1681*o* do not apply to any violation of – (1) subsection (a) of this section[.]"); *see also Saunders v. Branch Banking & Tr. Co. Of VA*, 526 F.3d 142, 149 (4th Cir. 2008). The duties required under § 1681s-2(b) are triggered "[a]fter receiving notice [of a dispute] pursuant to section 1681i(a)(2) of [Title 15.]" 15 U.S.C. § 1681s-2(b)(1). Notice under that section occurs when "a *consumer reporting agency* receives notice of a dispute from any consumer or reseller", then "the *agency* shall provide notification of the dispute to any person who provided any item of information in dispute[.]" 15 U.S.C. § 1681i(a)(2)(A) (emphasis added). This is interpreted to mean that these duties are only prompted when a person or entity that provided the

---

[2] A consumer may recover compensatory damages or statutory damages of not more than $1,000, punitive damages, and attorneys' fees from any person who "willfully fails to comply" with the requirements of the Act. 15 U.S.C. § 1681n. Only compensatory damages and attorneys' fees are available for negligent violations of the Act. 15 U.S.C. § 1681*o*.

disputed information receives notice from a credit reporting agency. "Whether the [creditor] received notice from any other source, such as [a] Plaintiff, for example, is irrelevant for the purposes of satisfying the FCRA's notice requirement." *Copley v. Fairbank*, No. 2:10-CV-01371, 2011 WL 2421024, at *2 (S.D.W. Va. June 13, 2011) (quoting *Rambarran v. Bank of America, NA,* 609 F.Supp.2d 1253, 1259 (S.D.Fla.2009) (internal quotes omitted); *see also Peasley v. Verizon Wireless (VA W) LLC,* 364 F.Supp.2d 1198, 1200 (S.D.Cal.2005) ("Courts have consistently held that for the duty imposed by § 1681 s–2(b) to be triggered, the furnisher of information must have received notice of the dispute from a consumer reporting agency, not from the consumer.").

When confronted with these deficiencies (*Memo. Supp. Summ. J.*, at 9–11), Plaintiffs argue there are disputed questions of material fact for violations of the FRCA and proceed to cut and paste language exclusively from § 1681s-2(a), for which there is no civil liability. *Resp. Memo.*, pp. 2–3. Furthermore, Plaintiffs failed to provide any evidence, or even allege, a notice by a credit reporting agency was provided to Defendant that would sufficiently trigger the duties under §1681s-2(b).[3] Given that Plaintiffs' action under the FCRA are limited to §1681s-2(b), and they have not alleged any breach of duty under this subsection, nor any triggering event to impose a duty onto Defendant, Plaintiffs FCRA claims fail as a matter of law.

---

[3] In the Response, Plaintiffs allege the "Experian Credit Report" indicates that information from Select Portfolio Financing was disputed. *Resp. Memo.*, at 5. However, this document does not state that the dispute was raised by Plaintiffs to Experian, which would then require Experian to notify Defendant. In fact, examination of the credit report precludes a favorable inference being drawn here, as the report reads that the account was previously in dispute, as reported by the data furnisher (Select Portfolio). *Experian Credit Report*, p. 5–6, ECF No. 28-8; *compare id.* at 4 (indicating on a separate credit account that Plaintiffs had directly disputed reported data, which "Meets requirement of the Fair Credit Reporting Act.").

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 23) as to both counts in the Complaint.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

    ENTER:    February 12, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE